UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT WAYNE BALLARD,

        Petitioner,

   v.                         CASE No. 2:22-CV-10629
                                 HON. GEORGE CARAM STEEH

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, (3) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (4) DENYING A CERTIFICATE OF APPEALABILITY, AND <u>(5) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Herbert Wayne Ballard ("Petitioner"), a state prisoner currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Genesee County firearms and controlled substances convictions for which he is serving a term of five years' incarceration. Respondent has filed a motion to dismiss the petition (ECF No. 10), and Petitioner has moved the Court for appointment of counsel. (ECF No. 9.)

Because Petitioner's claims lack merit, the Court will grant Respondent's motion to dismiss the petition. Petitioner's motion for appointment of counsel will be denied as moot.

## I.     BACKGROUND

On January 14, 2021, Petitioner pleaded guilty in the Genesee County Circuit Court to possession of a firearm by a felon, Mich. Comp. Laws § 750.224f; felony firearm, second offense, Mich. Comp. Laws § 750.227b; and possession of methylphenidate, a controlled substance, Mich. Comp. Laws § 333.7403(2)(b)(i). (Plea Hr'g Tr., ECF No. 11-20, PageID.278.) Petitioner was originally charged with nine firearm and controlled substance counts. (*Id.* at PageID.271.) In exchange for his guilty plea to the three offenses named above, the remaining charges were dismissed. (*Id.* at PageID.271-72.) Petitioner was sentenced on February 22, 2021, to a five-year prison term for the felony-firearm offense which was to be served consecutively to two years' probation for the other two convictions. (Sent. Tr., ECF No. 11-21, PageID.304-05.)

According to the Michigan Courts website,[1] Petitioner did not file an application for leave to appeal his convictions and sentences. Instead, on

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir. 2018).

March 4, 2022, Petitioner filed two applications for a writ of habeas corpus, one for the current case and another associated with a different Genesee County case in which he was convicted by plea on additional firearms and controlled substances charges. (*See* Case No. 22-10630, ECF No. 1.) The Court dismissed the latter petition without prejudice on January 12, 2023. *See Ballard v. Nagy*, No. 2:22-CV-10630, 2023 WL 174949, at *1 (E.D. Mich. Jan. 12, 2023).

Petitioner filed identical documents in the two habeas cases titled "Writ of Habeas Corpus." (*Compare* ECF No. 1, PageID.2-6; *with* Case No. 22-10630, ECF No. 1, PageID.2-6.) Petitioner lists four grounds for relief:

    I.    I am currently illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred constitutional rights by the State of Michigan and its willful defiance of the established procedures and processes set forth by the United States Constitution.

    II.    I am currently illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred constitutional rights by the State of Michigan and its willful defiance of the established procedures and processes set forth by the United States Constitution.

    III.    I am currently illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred constitutional rights by the State of Michigan and its worth all the fines [sic] of the established procedures and processes set forth by the United States Constitution.

    IV.    I am currently illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred constitutional rights by the State of Michigan and its willful defiance of the

>established procedures and processes set forth by the United States Constitution.

(ECF No. 1, PageID.2-5) (cleaned up.)

Expanding on Ground One, Petitioner quotes language about grand juries as found in the Fifth Amendment and Mich. Comp. Law § 767.7. (*Id.* at PageID.2-3.) Ground Two cites the "Privileges and Immunities" clause of the U.S. Constitution. (*Id.* at PageID.3.) Ground Three is based on the Thirteenth Amendment bar of slavery, and Ground Four relies on Petitioner's Due Process rights under the Fifth Amendment. (*Id.* at PageID.4, 5.) Following each ground, Petitioner argues the state was willfully defiant of constitutional requirements, and that its courts were without jurisdiction to decide matters based on the federal constitution. (*Id.* at PageID.3-5.)

Respondent filed a motion to dismiss Petitioner's case. (ECF No. 10.) He bases the motion on three grounds: that the petition is unexhausted, that it lacks factual support as required by Rule 2(c)(2) of the Rules Governing 2254 petitions, and that it is plainly meritless on its face. (*Id.*)

## II. LEGAL STANDARD

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C § 2241(c)(3). The Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), imposes the following standard of review for federal habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A habeas petition must "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242, ¶ 2. The petition must also

(1)  specify all the grounds for relief available to the petitioner;

(2)  state the facts supporting each ground; [and]

(3)  state the relief requested; . . .

Rule 2(c), Rules Governing Section 2254 Cases. "The petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d).

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A Michigan prisoner must properly present each issue he or she seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citation omitted); *Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir.1998).

The petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). In addition, whether or not the state courts provide the rationale for their decisions, the habeas petitioner bears the burden of demonstrating "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

### III.   ANALYSIS

As was the case in Petitioner's other habeas case in this District, in which Petitioner raised identical claims for relief, the petition is "poorly drafted . . . mak[ing] it difficult to discern the legal and factual bases for his claims." (*Id.*) *See Ballard v. Nagy*, No. 2:22-CV-10630, 2023 WL 174949, at *1 (E.D. Mich. Jan. 12, 2023). In that case, the Court dismissed the petition because its claims were unexhausted. *Id.* Although the Court recognized

-6-

the petition was time-barred, the dismissal was without prejudice so Petitioner would have the opportunity for state collateral review. *Id.* at *2.

Now having reviewed the petition, the motion, and the record, the Court agrees with Respondent that the petition lacks factual support and is unexhausted, and therefore must be dismissed.

In general, "[c]laims not first raised in state court are unexhausted and are ordinarily dismissed without prejudice, in order to permit the petitioner the opportunity to pursue them in state court." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 518, 520–22 (1982)). Rather than dismiss a "mixed" petition (one that contains both exhausted and unexhausted claims), however, under certain circumstances a federal court may stay proceedings and place the habeas petition in abeyance. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). District courts may grant a stay even when the petition is not "mixed," but contains only unexhausted claims. *See*, *e.g.*, *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and that "a district court may stay a petition that raises *only* unexhausted claims") (emphasis in original); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had

discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition).

However, to be entitled to a stay, *Rhines* requires good cause for a petitioner's failure to exhaust, claims that are potentially meritorious, and no evidence of intentional delay tactics by the petitioner. *Rhines*, 544 U.S. at 278. Here, Petitioner cannot meet the first criterion: He has not acknowledged his claims are unexhausted and therefore provides no basis for the Court to find good cause for his failure to exhaust.

Instead, a habeas court may elect to address an unexhausted claim "if pursuit of a state court remedy would be futile, or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity." *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002) (citing *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich.1988); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987)). "Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition." *Id*. (citing *Granberry v. Greer*, 481 U.S. 129, 134–35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987)). Further, the statute governing state prisoners' habeas petitions expressly permits a court to reach the merits of a petition "notwithstanding the failure of the applicant to exhaust the remedies

available in the courts of the State." 28 U.S.C. § 2254. Here, because Petitioner's case is without merit, it is most efficient to address it now.

The petition is without merit because it contains conclusory allegations but provides no factual support for its claims as required by habeas statutes and rules. Long-standing precedents hold that "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Cottrell v. Horton*, No. 21-1287, 2021 WL 7629671, at *6 (6th Cir. Oct. 13, 2021) (citing *Gray*, *supra*) (holding that petitioner "failed to state a claim for habeas relief" where "he did not provide any facts to support his claim, nor did he connect his purported claim to any specific constitutional guarantee."); *Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007) (holding a petitioner's claim "doomed" because she provided "nothing more than conclusory assertions . . . "). *Cf. Onifer v. Tyszkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001) (by "identif[ying] both the constitutional rights that he claimed had been violated and the particular facts which supported his claims; he has thus done all that is required of him to present his constitutional claims to both the Michigan state courts and the district court.")

Finally, the Sixth Circuit holds that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Gray*, 692 F.3d 514, 521 (6th Cir. 2012) (quoting *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir.2010)); *accord*, *United States v. Simmons*, 794 F. App'x 461, 469 (6th Cir. 2019); *and see* *Chong Hun Cook v. Gov't of Columbus, OH*, No. 19-3577, 2020 WL 3406068, at *2 (6th Cir. Jan. 15, 2020) (unpublished) ("even pro se litigants must provide some meaningful argument in support of a claim . . .")). Put simply, the Court is not obligated to search the record on Petitioner's behalf to make his case for him.

Petitioner's blanket assertions that the State of Michigan is willfully defiant of the federal constitution and that its courts lack the jurisdiction to hear federal claims are the kind of "perfunctory" arguments envisioned by *Gray*, *supra*, and *Stewart*, *supra.* Petitioner has provided no basis for the Court to find he is entitled to habeas relief.

In sum, Petitioner bears the burden of demonstrating both his entitlement to habeas relief and that he has exhausted his claims in state court. *Nali*, 681 F.3d at 852. Because he has failed to meet either burden,

-10-

Respondent's motion to dismiss will be granted and the petition must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Respondent's motion to dismiss the petition for a writ of habeas corpus (ECF No. 10) and **DISMISSES** the petition **WITH PREJUDICE**.

Petitioner's motion for appointment of counsel (ECF No. 9) is **DENIED AS MOOT**.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted). Reasonable jurists would not find the Court's assessment of Petitioner's

claims to be debatable or wrong. The Court therefore **DENIES** Petitioner a certificate of appealability.

Lastly, the Court concludes that an appeal cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated: September 26, 2023

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATE DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2023, by electronic and/or ordinary mail and also on Herbert Wayne Ballard #448199, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Michael Lang
Deputy Clerk